# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TIMOTHY HARDING,

    Plaintiff,

vs.                                           Case No. 4:13cv268-MW/CAS

GREG PARKER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, was granted leave to proceed in forma pauperis, doc. 10, and he has paid the assessed initial partial filing fee. Docs. 11, 12. Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 on May 6, 2013, doc. 1, but because he did not use the court forms as required, Plaintiff was provided the appropriate complaint forms and given an opportunity to submit an amended complaint. Doc. 3. Plaintiff's amended complaint, doc. 5, has now been reviewed as is required by 28 U.S.C. § 1915A.

Judicial notice is taken that Plaintiff's amended complaint, doc. 5, is virtually identical to another complaint filed in this Court by another inmate who is incarcerated at Taylor C.I. Other than the dates on when the events allegedly occurred, this case is the same as case number 4:13cv396-RH/CAS. Because the complaints in the two

cases are the same, the same result is recommended. This case should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and because Plaintiff seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's complaint is against Judge Greg Parker. Doc. 6. Plaintiff contends that he is wrongfully held without legal authority on an order entered by Defendant Parker of the Third Judicial Circuit of Florida which, presumably, denied Plaintiff's petition for writ of habeas corpus. Plaintiff contends that Defendant Parker refused to uphold his oath and duty under the Constitution and was "negligent in his duty and obligation by not supporting, protecting, and defending the Constitution of the United States of America." *Id.* at 5-7. As relief, Plaintiff seeks monetary damages and to have Defendant Parker's order reversed. *Id.* at 7.

To the degree Plaintiff asserts Judge Parker is negligent, that claim is insufficient on its face. The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Plaintiff's negligence claim fails as a matter of law and should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff presents no facts to support his claim that Judge Parker was without authority to render an order in a case in the Third Judicial Circuit and provides no facts which allege a violation of the Constitution. *Id.* at 5. Conclusory claims that one failed to uphold his duty and harmed the Plaintiff are insufficient to state a claim.

Judicial notice is taken that Gregory S. Parker has been a Circuit Judge since January 2009 and has been Chief Judge of the Third Judicial Circuit since July 2013. That circuit includes Taylor County, which is the county in which Plaintiff claimed his proceeding occurred. A judge is entitled to absolute immunity for damages under § 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). The absence of jurisdiction does not mean in excess of authority, rather it is when the acts of the judge are purely private non-judicial. Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1980). Plaintiff's claim challenges an order entered by Judge Parker and, thus, the act is judicial. Plaintiff's claim is barred by 28 U.S.C. § 1915(e)(2)(B)(iii) because he "seeks monetary relief against a defendant who is immune from such relief."

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and because Plaintiff seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**IN CHAMBERS** at Tallahassee, Florida, on September 9, 2013.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.